NED CHARTERING AND TRADING,
INC., Plaintiff,

v.

REPUBLIC OF PAKISTAN,
et al., Defendants.

No. Civ.A. 98–2626(RCL).

United States District Court,
District of Columbia.

Jan. 26, 2001.

Heather M. Spring, Sher & Blackwell, Washington, DC, for plaintiff.

Nicholas H. Cobbs, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

Two motions are before the Court. The plaintiff has moved for an order *nunc pro tunc* from the Court to proceed with the

execution of its judgment against the defendants. The defendants have moved to vacate the plaintiff's writs of attachment. After reviewing the parties' memoranda, the applicable law, and for the following reasons, the Court GRANTS the defendants' motion and GRANTS in part and DENIES in part the plaintiff's motion.

### BACKGROUND

On December 14, 2000, this Court entered a final judgment for the plaintiff in the amount of $268,000. On January 4, 2001, the plaintiff obtained two writs of attachment from the Clerk of this Court. The writs were thereafter served on the regional branches of the National Bank of Pakistan and Riggs National Bank. These writs are the subject of this dispute.

### I. The Defendants' Motion to Vacate the Writs

■ The defendants assert that these writs are invalid because they were not issued in accordance with the Foreign Sovereign Immunities Act, specifically section 1610(c), which provides:

> No attachment or execution ... shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment....

28 U.S.C. § 1610(c). The defendants argue that the plaintiff's writ violates this section in two respects. First, the defendants argue that the plaintiff's writ was issued by a *clerk*, not a *court*. Second, the defendants argue that the plaintiff's writ, in being issued 21 days after the entry of judgment, was not issued after a "reasonable period of time ha[d] elapsed."

■ The Court finds that section 1610(c), in requiring a determination "that a reasonable period of time has elapsed," clearly contemplates that a judge, and not just a court clerk, will issue the writ. Although court clerks do act on behalf of the court in a multitude of ways, they never

act *as* the court. That is, they never exercise independent judicial discretion of the kind necessary to determine if a reasonable period of time has elapsed. Other courts have made similar conclusions with respect to section 1610(c). *See Trans Commodities, Inc. v. Kazakstan Trading House,* 1997 WL 811474 (S.D.N.Y.1997); *Singleton v. Guangzhou Ocean Shipping Co.,* 1994 WL 624540, at *1 (E.D.La.1994); *Gadsby & Hannah v. Socialist Republic of Romania,* 698 F.Supp. 483, 485 (S.D.N.Y. 1988); *see also* H.R.Rep. No. 1487, 94th Cong., 2d Sess. 30, reprinted in 1976 U.S.Code Cong. & Admin.News 6604, 6629 (stating that local laws permitting attachment by applying to court clerk or local sheriff do not afford sufficient protection to a foreign state). Thus, the Court finds that the writs issued by the Clerk of the Court on January 4, 2001 are invalid.

### II. The Plaintiff's Motion to for an Order *Nunc Pro Tunc* to Proceed with Execution of its Judgment Against Defendants

■ The plaintiff moves the Court to hold, *nunc pro tunc,* that the writs issued on January 4, 2001 were issued after a reasonable period of time had elapsed. If the Court were to so rule, argues the plaintiff, section 1610(c) would be satisfied because there would be a judicial evaluation of the reasonableness of the post-judgment time lapse. In undertaking the analysis requested by the plaintiff, the Court finds that December 14 to January 4, the period between the final judgment and the issuance of the writs, is not a sufficient period of time to satisfy section 1610(c).

At the outset, it is instructive to note that all defendants, domestic or foreign, are entitled to 10 days, excluding weekends and holidays, before a writ of attachment may be issued against them. *See* Fed.R.Civ.P. 62(a). In the instant case, this ten day period would extend to December 29, 2000. Given the calendar's schedule of weekends and holidays, no writ

in this case could have issued until January 2, 2001, regardless of whether the defendant was a U.S. citizen or a foreign sovereign. The Court is thus presented with the question of whether, in enacting section 1610(c) of the Foreign Sovereign Immunities Act, Congress intended to allow foreign sovereigns no more than 2 days beyond what a domestic defendant would be entitled to in the avoidance of a writ of attachment. The Court answers in the negative.

According to relevant legislative history, a court's determination of "reasonable time" should be informed by an examination of the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment. *See* H.R.Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976), reprinted in 1976 U.S.Code Cong. & Admin.News 6604, 6629. While the period of "reasonable time" will of course vary according to the nuances of each case, it is noteworthy that other courts have found periods such as two or three months sufficient to satisfy section 1610(c)'s requirements. *See Gadsby & Hannah*, 698 F.Supp. at 486 (two months); *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F.Supp. 420, 423 (S.D.N.Y.1987) (three months).

Against this backdrop of law and legislative history, the plaintiff's request that foreign sovereigns be afforded no more than 2 days beyond what domestic defendants are afforded must be rejected. Two days, the period of time from January 2 to January 4, is a mere paucity of time to even the most organized of governments, and much *less* time to the many less-organized governments that are covered by Foreign Sovereign Immunities Act. As well, two days does not bespeak the respect to foreign nations that is an important aspect of the FSIA. Although there is some evidence that the defendant in this case may be attempting to evade its duties, *see* Affidavit of Nadeem Ikramullah, Jan. 18, 2001, this evidence is far from prolific, and in any event, it is not nearly enough to overcome the exceedingly short period of time present in this case. Thus, the plaintiff's request for *nunc pro tunc* approval of its writs is denied.

But this is not the end of the matter. The plaintiff has also made an alternative request in its motion for *nunc pro tunc* approval. The plaintiff requests that, in the event the Court deems the writs invalid (as it does here), the Court order the issuance of new writs. As explained above, the Foreign Sovereign Immunities Act permits a writ of attachment to be issued only after a court has "determined that a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c).

The Court believes that six weeks, the period of time which has elapsed since the judgment in this case, is a sufficient period of time to satisfy the requirements of section 1610(c). Such a period of time is sufficient for most governments to pass the minor legislation necessary to appropriate funds, and to organize and transfer the appropriate assets. It is also notable in this case that there is no evidence that the defendant has taken any steps towards the payment of its debt. Finally, there is at least some evidence that the defendant is actually attempting to evade its obligation. *See* Affidavit of Nadeem Ikramullah, Jan. 18, 2001. All of these factors combine to persuade the Court that, as of this date, a reasonable amount of time has elapsed.

### CONCLUSION

Thus, for the foregoing reasons, it is hereby

ORDERED that the plaintiff's motion to proceed with the execution of its judgment is DENIED in part and GRANTED in part; further, it is

ORDERED that the defendants' motion to vacate the plaintiff's writs of attachment is GRANTED; further, it is

ORDERED that the Clerk of the Court issue the two writs of attachment upon submission by the plaintiff after the issuance of this Memorandum and Order.

SO ORDERED.