*751 OPINION OF THE COURT
Jane S. Solomon, J.
Before me is an ex parte motion for an order directing the Clerk of New York County to issue a writ of execution to the Sheriff of New York County with respect to property of the Republic of Cuba located in this jurisdiction. Ordinarily, a New York judgment creditor would not need judicial intervention to collect upon a New York judgment. Also ordinarily, sovereign immunity would preclude litigation against a foreign sovereign state and exempt its property from execution. The exceptions which bring this matter before me are found in the Foreign Sovereign Immunities Act of 1976 (28 USC § 1602 et seq. [FSIA]).
Plaintiff Dorothy Anderson McCarthy obtained a $67 million default judgment against Cuba, which was entered on April 17, 2003 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff’s claims arise from the “extra-judicial torture and killing” of her late husband Howard Anderson. Such a claim is permitted under section 1605 (a) (7) of the FSIA as an exception to Cuba’s sovereign immunity. Thereafter, she sued upon that judgment in the United States District Court for the Southern District of Florida, which examined the issues before it and the service of process upon Cuba under FSIA and entered judgment against Cuba. According to the papers before me, and the decision supporting the final default judgment dated February 2, 2005 of United States District Court Judge James Lawrence King, notice of the Florida proceedings was given properly to Cuba under the FSIA. The final default judgment states that process was served on Cuba by registered mail under section 1608 (a) (3) on May 27, 2004, and through diplomatic channels under section 1608 (a) (4) on July 22, 2004. Subsequently, by notice dated February 14, 2005, that court’s Clerk certified that he mailed the judgment to Cuba’s Minister of Foreign Relations by certified mail, and by letter dated May 6, 2005, the Department of State advised the Clerk that the “U.S. Interests section of the Swiss Embassy in Havana, Cuba transmitted the final default judgment and notice of default judgment to the Ministry of Foreign Affairs of Republic of Cuba under cover of diplomatic note No. 135 dated and delivered on April 13, 2005.” That diplomatic note by its terms states that it is transmitted under section 1608 (a) (4), and includes the following: “Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, *752 United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.” These transmittals included both the English language text and a Spanish language translation of the final default judgment, as required under section 1608 (a) (4).
On May 25, 2005, McCarthy registered the Florida federal judgment in the United States District Court for the Southern District of New York pursuant to 28 USC § 1963, which provides in relevant part that a “judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.” McCarthy then docketed her New York federal judgment with the New York County Clerk on August 4, 2005, and gave Cuba notice of that by a notice mailed August 5, 2005.
Article 54 of the CPLR does not permit a judgment by default to be entered automatically in this court. A plenary proceeding would be required if McCarthy sought to enforce her Florida state court judgment or the final default judgment here. She has not taken this route. Rather, she has registered the final default judgment in the federal courthouse across the street from the courthouse where I sit. CPLR 5018 (b) explicitly permits the direct entry of that judgment as a judgment of this court upon presentation and filing of a “transcript.” It states:
“A transcript of the judgment of a court of the United States rendered or filed within the state may be filed in the office of the clerk of any county and upon such filing the clerk shall docket the judgment in the same manner and with the same effect as a judgment entered in the supreme court within the county.” (CPLR 5018 [b].)
Having complied with the foregoing provision, McCarthy refers this court to the enforcement provisions of FSIA. 28 USC § 1610, entitled “ [exceptions to the immunity from attachment or execution,” permits collection from a foreign state when certain conditions are met. Included, under section 1610 (a) (7), is a judgment which “relates to a claim for which the foreign state is not immune under section 1605 (a) (7).” As indicated above, the original Florida state court action was brought under this provision. Prior to relying on any applicable enforcement mechanism for collection, a court order must be obtained.
The FSIA states:
“No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted *753 until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.” (28 USC § 1610 [c].)
Subdivisions (a) and (b) describe the property of a foreign state not immune “from attachment in aid of execution” (a provisional prejudgment remedy under article 62 of the CPLR) or “from execution,” a matter covered by articles 51 and 52 of the CPLR (28 USC § 1610 [a], [b]).
In view of the foregoing, the only issues before me are whether notice to Cuba of the final default judgment was made pursuant to 28 USC § 1608 (e), and whether a reasonable period of time has elapsed following the entry of judgment and notice. If I find that proper notice was given and a reasonable time has elapsed, McCarthy is entitled to an order permitting her to execute upon her judgment under the CPLR. (Karaha Bodas Co. v Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 313 F3d 70 [2d Cir 2002].)
28 USC § 1608 (e) requires in relevant part that a copy of any default judgment be sent to the foreign state in a manner prescribed in section 1608 (a). McCarthy has satisfied that requirement by showing that the underlying final default judgment was entered more than six months ago, and that soon thereafter the Clerk of the United States District Court for the Southern District of Florida sent to Cuba copies of the final default judgment, including a copy translated into Spanish (see § 1608 [a] [3]), and that copies of the same were sent to Cuba through diplomatic channels more than four months ago (see § 1608 [a] [4]; see Ned Chartering & Trading, Inc. v Republic of Pakistan, 130 F Supp 2d 64, 67 [D DC 2001] [finding six weeks following judgment to be sufficient to satisfy the 28 USC § 1610 (c) “reasonable amount of time” requirement]; and Ferrostaal Metals Corp. v S.S. Lash Pacifico, 652 F Supp 420 [SD NY 1987] [four months is a reasonable time period within the contemplation of FSIA]).*
Accordingly, it hereby is ordered and determined that a reasonable period of time has elapsed following the entry of judg *754 ment and the giving of notice to Cuba of plaintiffs judgment against it; and it further is ordered that the motion is granted to the extent that plaintiff is entitled to execute upon the judgment in her favor against the Republic of Cuba.

 Additional notice was made by McCarthy’s counsel via certified mail on March 16, 2005, and notice was given of the recent docketing of the judgment in New York County.